UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICKI PALIVOS, et al.,<br><br>                                   Plaintiff(s),<br><br>        v.<br><br>FEDERATION INTERNATIONALE FOOTBALL ASSOCIATION aka "FIFA," et al.,<br><br>                                   Defendant(s). | Case No. 2:15-CV-1721 JCM (CWH)<br><br>ORDER |

Presently before the court is defendants Federation Internationale Football Association ("FIFA"), Match Hospitality AG ("Match Hospitality"), Match Services AG ("Match Services"), Infront Sports & Media ("Infront"), SportsMark Management Group, Ltd. ("SportsMark"), and Cartan Tours, Inc.'s ("Cartan") joint motion to dismiss for failure to state a claim. (ECF No. 27). Plaintiffs Vicki Palivos and George Kleanthis, as representatives of a putative class, filed a response (ECF No. 46), and defendants filed a reply. (ECF No. 62).

Also before the court is defendant FIFA's motion to dismiss for lack of personal jurisdiction. (ECF No. 26). Plaintiffs filed a response (ECF No. 47), and defendant filed a reply. (ECF No. 61).

Also before the court is defendant Match Services' motion to dismiss for lack of personal jurisdiction. (ECF No. 28). Plaintiffs filed a response (ECF No. 49), and defendant filed a reply. (ECF No. 59).

Also before the court is defendant Match Hospitality's motion to dismiss for lack of personal jurisdiction and lack of standing. (ECF No. 29). Plaintiffs filed a response (ECF No. 48), and defendant filed a reply. (ECF No. 60).

Also before the court is defendant Infront's motion to dismiss for lack of personal jurisdiction and failure to state a claim. (ECF No. 30). Plaintiffs filed a response (ECF No. 50), and defendant filed a reply. (ECF No. 58).

Also before the court is plaintiffs' motion for leave to file a first amended complaint. (ECF No. 67). Defendants FIFA, Match Hospitality, Match Services, Infront, SportsMark, and Cartan jointly filed a response (ECF No. 71), and plantiffs filed a reply. (ECF No. 77).

Also before the court is defendants FIFA, Match Hospitality, Match Services, Infront, SportsMark, and Cartan's joint motion for sanctions. (ECF No. 44). Plaintiffs filed a response (ECF No. 55), and defendants filed a reply. (ECF No. 63).

**I.    Background**

On September 8, 2015, plaintiffs Palivos and Kleanthis initiated this lawsuit on behalf of a putative class, seeking to recover hundreds of millions of dollars from FIFA, Match Hospitality, Match Services, Infront, SportsMark, and Cartan for allegedly inflating the prices of 2014 World Cup tickets. (ECF No.1). Plaintiffs raise five claims: (1) civil RICO violation, (2) violation of section 1 of the Sherman Act, (3) violation of section 2 of the Sherman Act, (4) violation of section 3 of the Clayton Act, and (5) unjust enrichment and disgorgement of profits. (*Id*.). The complaint identifies the putative class as "all persons and entities residing in the United States who purchased tickets to attend one or more matches of the 2014 World Cup in Brazil via FIFA's authorized United States sales agents offering official 'hospitality packages.' " (*Id*. at ¶ 40).

Plaintiffs bring forth two theories explaining how defendants sold tickets at above face value, which they allege is prohibited by Brazilian law as well as FIFA's governing rules and regulations. (*Id*. at ¶¶ 29, 30). First, plaintiffs claim that defendants bundled tickets into hospitality packages in order to disguise selling tickets at above face value. (*Id*. at ¶¶ 32, 34). These hospitality packages sold 2014 World Cup tickets together with food and beverages, commemorative gifts, a dedicated welcome with multilingual hosts/hostesses, and preferential stadium parking. (*Id*. at ¶ 33). Second, plaintiffs contend that defendants falsely announced that

1 match tickets were sold out in order to manufacture market situations that would inflate prices.
2 (*Id*. at ¶ 34).

3       The complaint further alleges that Plaintiff Palivos was initially unable to purchase
4 tickets at face value because they were sold out, and ultimately paid nearly five times the face
5 value price. (*Id*. at ¶ 36). Plaintiff Kleanthis was also initially unable to purchase tickets at face
6 value because they were sold out, and ultimately paid nearly four times face value. (*Id.* at ¶ 38).

7       Throughout the course of litigation, various proceedings revealed that plaintiffs never
8 purchased any hospitality packages. *See, e.g.*, (ECF No. 69 at 36:1–2). This fact is inconsistent
9 with the allegation in the complaint that defendants forced plaintiffs and other putative class
10 members to purchase hospitality packages by claiming that individual tickets were sold out.
11 (ECF No. 1 at ¶ 94).

12       On April 15, 2016, after over seven months of litigation, plaintiffs submitted a motion for
13 leave to file a first amended complaint. (ECF No. 67). In the amended complaint, plaintiffs
14 changed the putative class to "[a]ll United States residents, who at any time during the period of
15 November 2013 to July 2014 purchased 2014 World Cup ticket(s) from the secondary market
16 and/or as part of an official hospitality package for personal use and not for resale and who, prior
17 to purchasing said ticket(s), were exposed to a statement and/or representation from FIFA and/or
18 its Co-Defendants that stand-alone tickets for the 2014 World Cup were sold out." (ECF No. 67-
19 1 at ¶¶ 114).

20       The proposed amended complaint claims that plaintiffs bought some of their tickets at
21 face value from FIFA and Match Services. (*Id.* at ¶ 98). The plaintiffs purchased their remaining
22 tickets at prices above face value from vividseats.com and other undisclosed secondary market
23 resellers. (*Id.* at ¶¶ 96–101). The amended complaint also adds a new claim, a new defendant,
24 and a fictitious plaintiff who purchased hospitality packages. (*Id.*).

25       Presently before the court are four motions to dismiss for lack of personal jurisdiction and
26 a joint motion to dismiss for failure to state a claim. (ECF Nos. 26, 27, 28, 29, 30). In those
27 motions and in subsequent reply briefs, defendants sporadically argue that plaintiffs lack
28 standing. (ECF Nos. 29, 59, 61, 71). Plaintiffs filed for leave to amend in order to correct false

James C. Mahan
U.S. District Judge

- 3 -

1  statements and cure the standing problem. *See* (ECF No. 67). Additionally, defendants filed a
2  motion for sanctions, claiming plaintiffs have made gross factual errors and mischaracterized the
3  law. (ECF No. 44).

## II.  Legal Standard

### *a. Subject Matter Jurisdiction*

To hear a case, a federal court must have subject matter jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). Pursuant to rule 12(b)(1), a defendant may seek dismissal of a claim for lack of subject matter jurisdiction. Dismissal under rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Attacks on jurisdiction pursuant to rule 12(b)(1) can be either facial, confining the inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the complaint. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* A factual attack made pursuant to rule 12(b)(1) may be accompanied by extrinsic evidence. *Whitehorn v. F.C.C.*, 235 F. Supp. 2d 1092, 1095–96 (D. Nev. 2002) (*citing St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

The issue of standing is central to establishing subject matter jurisdiction. *Lujan*, 504 U.S. at 560. The party invoking federal jurisdiction must establish the following elements: (1)

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  the plaintiff suffered a concrete and particularized, actual injury; (2) there is a causal connection
2  between the injury and the conduct complained of; and (3) it is likely that the injury will be
3  redressed by a favorable decision. *Id.* at 560–61. "At the pleading stage, general factual
4  allegations of injury resulting from the defendant's conduct may suffice, for on a motion to
5  dismiss we presume that general allegations embrace those specific facts that are necessary to
6  support the claim." *Id.* at 561 (*citing Lujan v. National Wildlife Federation*, 497 U.S. 871, 889
7  (1990) (internal quotations omitted)).

    b. *Leave to Amend*

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." However, courts will deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990).

    c. *Motion for Sanctions*

By filing a pleading with the court, an attorney certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:

> (1) [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

A court considering a motion pursuant to Rule 11 must (1) decide whether a Rule 11 violation has occurred and, if so, (2) decide whether to impose sanctions. *Smith & Green*

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  *Corp. v. Trustees of Const. Industry & Laborers Health & Welfare Trust,* 244 F. Supp. 2d 1098,
2  1103 (D. Nev. 2003); *McMahon v. Best*, No. C-00-00616-CRB, 2000 WL 1071828, *7 (N.D. Cal.
3  2000). If the court determines that Rule 11(b) has been violated, it may impose appropriate
4  sanctions upon the attorneys, law firms, or parties that are responsible for the violation. *Smith &*
5  *Green Corp.,* 244 F.Supp.2d at 1103.

6  The main objective of Rule 11 is to deter baseless filings and curb litigation
7  abuses. *Id.*; *Salman v. State of Nevada Comm. On Judicial Discipline,* 104 F. Supp. 2d 1262 (D.
8  Nev. 2000). Pursuant to Rule 11, sanctions must be imposed upon litigants and counsel who file
9  baseless papers without first conducting a reasonable and competent inquiry. *Smith & Green*
10 *Corp.,* 244 F. Supp. 2d at 1103; *Schutts v. Bentley Nevada Corp.*, 966 F. Supp. 1549 (D. Nev.
11 1997). The test for determining whether a Rule 11 violation has occurred is one of objective
12 reasonableness. *Smith & Green Corp.,* 244 F.Supp.2d at 1103; *Operating Engineers Pension Trust*
13 *v. G.C. Wallace, Inc.*, 159 F.R.D. 536 (D. Nev. 1994). Moreover, a violation of the Rule does not
14 require subjective bad faith. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993)
15 (construing bankruptcy court equivalent to Rule 11);

16 The identity of the person(s) subject to sanctions depends on the nature of the Rule 11(b)
17 violation. For a violation of Rule 11(b)(2), as distinguished from Rule 11(b)(3), sanctions must be
18 imposed on the offending party's attorney, not the party itself. *Chien v. Skystar Bio*
19 *Pharmaceutical Co.*, 256 F.R.D. 67, 72 (D. Conn. 2009) (citing Rule 11(c)(5)(A) for proposition
20 that "[s]anctions for the legal insufficiency or frivolousness of the complaint must run against the
21 attorney alone.").

22 **III.    Discussion**

23 The court first addresses plaintiffs' motion for leave to amend the complaint because
24 granting leave to amend would render defendants' motions to dismiss moot. *See Seneca Ins. Co.,*
25 *Inc. v. Strange Land, Inc.*, No. 3:14-cv-00381-LRH-WG, 2014 WL 7336208, at *3 (D. Nev. Dec.
26 22, 2014). The court then addresses defendants' motions to dismiss and, subsequently, defendants'
27 motion for sanctions.
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

a. *Leave to Amend*

Plaintiffs argue that the court should grant the motion for leave to file an amended complaint because the litigation process has revealed new facts and a new defendant. (ECF No. 67 at 4). Defendants argue that the court should not grant plaintiffs' motion because the amendment causes undue delay, would be prejudicial, is in bad faith, and brings forth futile claims. (ECF No. 71 at 10–22).

A motion to amend causes undue delay when the "moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Bank of Hawaii,* 902 F.2d at 1388. In other words, district courts are within their discretion to deny motions to amend when a proposed amended complaint contains new facts that had been available to the plaintiff prior to filing the previous complaint. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir.1999)).

Plaintiffs' proposed amended complaint changes and adds facts that the plaintiffs should have known prior to filing their original complaint. The original complaint alleges that plaintiffs purchased 2014 World Cup tickets at prices above face value. (ECF No. 1 at ¶¶ 36–38). The complaint does not state where or how the plaintiffs purchased their tickets, but leaves the impression that plaintiffs engaged in transactions with authorized sellers of "hospitality packages" or the defendants themselves. (*Id.* at ¶¶ 36–39, 40). The complaint also alleges that defendants' used hospitality packages to sell tickets at prices above face value, identifies the class as individuals that *purchased tickets from authorized sellers offering hospitality packages*, and claims that defendants forced plaintiffs into purchasing hospitality packages. *See* (ECF No. 1 at ¶¶ 31-41, 94).

The proposed amended complaint, however, alleges that plaintiffs purchased some tickets at face value from defendants but also purchased tickets at prices above face value on the secondary market, and not from "authorized sellers offering 'hospitality packages.' " (ECF No. 67-1 at ¶¶ 96-101). The plaintiffs present few allegations regarding those secondary market purchases, giving the court and defendants effectively no notice of how those ticket purchases relate to the defendants. *See* (*id.* at ¶ 96). The proposed amended complaint also alleges that plaintiffs did not

**James C. Mahan**
**U.S. District Judge**

- 7 -

purchase hospitality packages, while conveniently broadening the class to include individuals that bought ordinary tickets from "secondary markets." (*Id*. at ¶¶ 96–97, 100–01, 114).

Plaintiff should have known all of the new facts alleged in the proposed amended complaint prior to filing the original pleading because they concern the most basic facts regarding the plaintiffs' purchase of 2014 World Cup tickets. A rudimentary inquiry would have revealed these facts because plaintiffs already had all of the necessary resources to learn that plaintiffs purchased stand-alone tickets on the secondary market. In addition, this rudimentary inquiry would have allowed plaintiff to learn further information regarding the secondary market transactions that are not included in the proposed amended complaint, namely how plaintiffs bought these tickets and who sold them. The court therefore finds that granting plaintiffs leave to amend the complaint would result in undue delay. *See Bank of Hawaii*, 902 F.2d at 1387. Accordingly, the motion to amend is denied.

b. *Subject Matter Jurisdiction*

Defendants raise many arguments for dismissing plaintiffs' complaint. Among them, defendants argue that plaintiffs do not have standing because they are not members of the putative class. *See, e.g.*, (ECF No. 29 at 11); *see also, e.g.*, (ECF No. 61 at 3).[1] Plaintiffs argue that they do have standing because they are members of the putative class and that defendants are misconstruing the parameters of the putative class. (ECF No. 77 at 2–4).[2]

In order to establish Article III standing, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant, and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

---

[1] Defendants raise the standing argument sporadically throughout various pleadings. *See, e.g.*, (ECF Nos. 29, 59, 61, 71). Plaintiffs respond to defendants' standing argument in their reply brief in support of their motion for leave to file an amended complaint. (ECF No. 77 at 2–4).

[2] Additionally, "federal courts are required *sua sponte* to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.,* 192 F.3d 1260, 1264 (9th Cir.1999); Fed. R. Civ. P. 12(h)(3).

**James C. Mahan**
**U.S. District Judge**

- 8 -

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000). In a class action, the named plaintiffs attempting to represent the class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

Plaintiffs essentially claim that they suffered the personal injury of paying tickets at prices above face value because of defendants' alleged engagement in illegal market manipulations. *See* (ECF No. 1). The only specific information that the complaint provides regarding the plaintiffs' type of ticket purchases is that "[p]laintiffs and [c]lass [m]embers were coerced into the purchase of 'hospitality' packages." (ECF No. 1 at 23). The plaintiffs also define the putative class as individual that bought tickets from "sales agents offering 'hospitality packages.' " (ECF No. 1 at ¶ 40). However, in subsequent proceedings, plaintiffs conceded that they never purchased hospitality packages. *See, e.g.*, (ECF No. 69 at 36:1–2). Therefore, plaintiffs have not suffered the "injury in fact" of being forced to pay above face value for 2014 World Cup tickets through the purchase of hospitality packages.

Plaintiffs argue that the putative class pertains to individuals that purchased any kind of ticket at above face value.[3] (ECF No. 77 at 2–4). However, even with this interpretation, the plaintiffs purchased their above face value tickets from undisclosed secondary market retailers instead of the defendants. *See* (ECF No. 67-1 at ¶¶ 96-101). Because plaintiffs have barely disclosed any information regarding their purchases, the court does not find that the alleged injury is "fairly traceable to the challenged action of the defendant[s]." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000).

---

[3] Various materials that plaintiffs submitted suggest that the complaint pertains to the purchase of hospitality packages rather than any kind of ticket. These materials include the putative class identification from the complaint, an argument that defendants have not shown that plaintiffs did not purchase hospitality tickets, and a fictitious plaintiff who purchased hospitality packages in the proposed amended complaint. (ECF No. 1 at ¶ 40); (ECF No. 55 at 8); (ECF No. 67-1).

**James C. Mahan**
**U.S. District Judge**

1    The court therefore finds that plaintiffs lack standing to sue on behalf of themselves and
2    the putative class. Accordingly, the court does not address defendants' personal jurisdiction and
3    failure to state a claim arguments because the complaint is dismissed for lack of standing.

4        *c. Sanctions*

5    Defendants argue that pursuant to Federal Rules of Civil Procedure 11(b)(2) and (3),
6    sanctions and attorney's fees are appropriate because plaintiffs made gross factual errors and
7    mischaracterized the law. (ECF No. 44 at ¶ 4–7). Plaintiffs argue that defendants are misconstruing
8    the pleadings and that the complex nature of this class action warrants leeway. (ECF No. 55 at 6–
9    13).

10    For purposes of Rule 11(b)(2), a cause of action is not warranted by law where no
11    "plausible, good faith argument can be made by a competent attorney" in support of the proposition
12    asserted. *Zaldivar v. City of Los Angelos,* 780 F.2d 823, 829 (1990). Under Rule 11(b)(3), a cause
13    of action is grounded in fact if an independent examination reveals "some credible evidence" in
14    support of a party's statements. *Himaka v. Buddhist Churches of Am.,* 917 F. Supp. 698, 710 (N.D.
15    Cal. 1995) (quoting *Kendrick v. Zanides,* 609 F. Supp. 1162, 1172 (N.D. Cal. 1985)).

16    The court finds that plaintiffs engaged in a number of questionable actions, such as failing
17    to disclose that plaintiffs never purchased hospitality packages. The court is particularly amused
18    with plaintiffs' counsel's attempts to argue that they "never once said that any of these plaintiffs
19    purchased the hospitality program, the hospitality package" when the complaint alleges that
20    "[p]laintiffs and [c]lass [m]embers were coerced into the purchase of 'hospitality' packages." (ECF
21    No 69. at 33:9–10); (ECF No. 1 at ¶ 94). This alone qualifies as a Rule 11(b)(2) violation because
22    a competent attorney would not have made such an argument in good faith, knowing it was not in
23    fact true. However, in light of the complex nature of this litigation, the court does not find
24    plaintiffs' conduct to be so egregious as to warrant sanctions. The motion for sanctions is therefore
25    denied.

26    . . .
27    . . .
28    . . .

**James C. Mahan**
**U.S. District Judge**

- 10 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants FIFA, Match Hospitality, Match Services, Infront, SportsMark, and Cartan's joint motion to dismiss for failure to state a claim, (ECF No. 27), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant FIFA's motion to dismiss for lack of personal jurisdiction (ECF No. 26), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant Match Services' motion to dismiss for lack of personal jurisdiction (ECF No. 28), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant Match Hospitality's motion to dismiss for lack of personal jurisdiction and lack of standing (ECF No. 29), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant Infront's motion to dismiss for lack of personal jurisdiction and failure to state a claim (ECF No. 30), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs Palivos and Kleanthis' motions for leave to file first amended complaint (ECF No. 67), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants FIFA, Match Hospitality, Match Services, Infront, SportsMark, and Cartan's joint motion for sanctions, (ECF No. 44), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Palivos and Kleanthis' complaint (ECF NO. 1), be, and the same hereby is, DISMISSED without prejudice for lack of subject matter jurisdiction. IT IS FURTHERE ORDERED that the clerk of the court shall enter judgment accordingly and close the case.

DATED July 27, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge